IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| AUGUSTIN PINEDA<br>TDCJ-CID No. 2267942,<br><br>　　Petitioner,<br><br>v.<br><br>BOBBY LUMPKIN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br><br>　　Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 2:22-CV-243-Z-BR |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Augustin Pineda filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Having considered the petition, the response, the record and applicable authorities, the Court concludes that Pineda's habeas application should be DENIED for the reasons set forth below.

**I. FACTUAL BACKGROUND**

A complaint and information were filed against Pineda on November 3, 2014, in the 100th Judicial District of Hall County, Texas, alleging that Pineda splashed gasoline on Michael Earl Steptoe in the vehicle in which Steptoe was sitting and threatened to light Steptoe on fire. *State v. Pineda*, No. 3696-A. (ECF 15-7 at 5). Also on November 3, 2014, Pineda, represented by appointed counsel, pled guilty to a charge of aggravated assault with a deadly weapon. (*Id*. at 7-10). The trial court entered an Order of Deferred Adjudication, sentencing him to six years of community supervision, a $2,000 fine, $500 in restitution and 300 hours of community service. (*Id.* at 18-19).

On February 1, 2018, the state filed a Motion to Adjudicate Guilt, alleging that Pineda had

violated certain conditions of his probation, including failing to report, failing to perform community service and failing to abstain from the use of alcoholic beverages. (*Id.* at 25-8). At the June 10, 2019, hearing on the motion, Pineda pled "true" to the allegations that he violated the conditions of his probation on numerous occasions. (ECF 15-2 at 8-14). At that time, the trial court sentenced him to 18 years of imprisonment. (ECF 15-7 at 31-2). On February 24, 2021, the Seventh Court of Appeals of Texas affirmed the judgment of the trial court in an unpublished opinion, *Pineda v. State*, No. 07-19-00245-CR. (ECF 15-4). Judgment was entered on February 24, 2021, followed by the mandate on May 12, 2021. (ECF 15-5, 15-6).

On February 12, 2021, Pineda filed an application for state writ of habeas corpus challenging his conviction. (ECF 15-7 at 33-51). The trial court denied Pineda's application on November 10, 2021. (ECF 15-8 at 1-15). On December 15, 2021, the Texas Court of Criminal Appeals denied his application "without written order on the findings of the trial court without a hearing and on the court's own independent review of the record." (ECF 15-9).

Pineda filed this action on December 21, 2022. On November 29, 2023, Respondent filed an Answer, alleging that (1) two of Pineda's claims are barred by the statute of limitations; (2) one claim is unexhausted and procedurally barred and thus should be dismissed; and (3) one claim is waived by his plea of "true" to the allegations that he violated the conditions of his probation. (ECF 16 at 1). Pineda did not file a reply to the Answer.

## II. PINEDA'S ALLEGATIONS

Pineda asserts the following grounds for relief:

1. Pineda was denied effective assistance of trial counsel when he pled guilty;

2. The probation supervisor lied during his guilt adjudication hearing when she testified that he did not pay court-ordered fees and did not complete court-ordered community service;

3. Pineda was denied effective assistance of trial counsel during his guilt

        adjudication hearing; and

4.      Pineda did not hurt anyone.

### III. STANDARD OF REVIEW

Title 28 U.S.C. § 2254 authorizes a federal court to entertain a petition for a writ of habeas corpus by a person in custody pursuant to a state court judgment if the prisoner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). However, a court may not grant relief on any claim that was adjudicated on the merits in the state court proceeding unless the petitioner shows that the prior adjudication:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state reaches a conclusion opposite to a decision reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor,* 529 U.S. 362, 412–13 (2000). An application of clearly established federal law is unreasonable if the state court identifies the correct governing legal principle, but unreasonably applies that principle to the facts. *Id*.

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. When reviewing state proceedings, "federal courts do not sit as courts of appeal and error for state court convictions." *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986). Instead, a person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law unless a

federal issue also is present. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). To obtain a writ of habeas corpus from a federal court, a state prisoner must show that the state court's ruling was so lacking in justification that there was an error well understood in existing law beyond any possibility for fair-minded disagreement. *Harrison v. Richter*, 562 U.S. 86, 102-03 (2011). The petitioner must show that there was no reasonable basis for the state court to deny relief. *Id*. at 98.

## IV. LEGAL ANALYSIS

A.  **Pineda's First and Fourth Claims are Barred by the Statute of Limitations.**

1.  **Claims From the Deferred Adjudication Proceeding.**

Pineda's first and fourth grounds for relief arise from his 2014 deferred adjudication proceedings. First, he alleges that he received ineffective assistance from his trial counsel, Todd Alvey, when he pled guilty because Alvey "did not help" and told him to "lie in court" by pleading guilty. (ECF 3 at 2). Second, he claims that he "didn't hurt anyone," which the Court construes as an attack on the sufficiency of the evidence supporting his guilty plea. (*Id.* at 10). Respondent argues that these claims are barred by the statute of limitations.

A state prisoner ordinarily has one year to file a federal habeas petition, starting from the date on which the judgment became final by "the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). In the case of deferred adjudication, two limitations periods apply: one for claims relating to the order of deferred adjudication and the other for claims relating to the adjudication of guilt. *Tharpe v. Thaler*, 628 F.3d 719, 723-25 (5th Cir. 2010); *see also Caldwell v. Dretke*, 429 F.3d 521, 528-29 (5th Cir. 2005) (a state court order of deferred adjudication is a final judgment that triggers the federal habeas limitations period under § 2244(d)(1)(A)). Because Pineda's first and fourth grounds for relief relate only to the November 3, 2014, Order of Deferred Adjudication, the limitations period

for these claims begins on the date this order became final. Since Pineda did not appeal the order, it became final on December 3, 2014, which is 30 days after it was issued. *See* Tex. R. App. Pro. 26.2(a). Consequently, the one-year period for Pineda to timely file a federal habeas petition expired on December 3, 2015.[1]

### 2. Statutory Tolling Does Not Apply.

The Court next considers whether statutory tolling applies to the claims arising from Pineda's deferred adjudication proceedings. State habeas applications filed after expiration of the one-year limitations period do not statutorily toll the limitations period. *See* 28 U.S.C. § 2244(d)(2). Because Pineda's art. 11.07 state habeas application was filed on February 12, 2021 (about six years after the one-year period expired), he is not entitled to statutory tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

### 3. Equitable Tolling Does Not Apply.

Nor does equitable tolling apply. A party seeking an extension of the statute of limitations on equitable grounds has the burden of showing entitlement to such tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam). To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations omitted). A petitioner must pursue the habeas process with "diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

---

[1] Pineda does not allege a state-created impediment that prevented timely filing of his claims, nor does he base his claims on any new constitutional right. Further, the facts supporting his claims became or could have become known prior to the date the deferred adjudication order became final. Therefore, § 2244(d)(1)(B)-(D) does not change the accrual date for his claims.

Here, Pineda has not attempted to establish that equitable tolling is warranted, and the Court can find no basis for equitable tolling in his petition. First, no ambiguity exists as to the date of finality of Pineda's deferred adjudication. Second, he did not pursue the habeas process with "diligence and alacrity." *Phillips*, 216 F.3d at 511. He waited approximately six years after his deferred adjudication order became final in 2015 before he filed his state habeas application in 2021. This extended period of inactivity clearly indicates a lack of due diligence.

Although Pineda asserts that his trial counsel rendered ineffective assistance during the guilty plea proceedings, he does not allege that his attorney caused him to miss the limitations period. *Vineyard v. Dretke*, 125 F. App'x 551, 553 (5th Cir. 2005) (per curiam) (equitable tolling applicable when an attorney affirmatively misinforms his client and causes him to miss the limitations period). Consequently, equitable tolling is unwarranted and Pineda's first and fourth claims should be dismissed as barred by the statute of limitations.

**B.     Pineda's Third Claim is Unexhausted and Procedurally Defaulted.**

Pineda next alleges that he was denied effective assistance of trial counsel, James Murphy, during his guilt adjudication hearing. (ECF 3 at 8). He claims that Murphy "didn't try to get my sentence lowered." (*Id*.). Respondent argues that Pineda failed to raise this issue in his state habeas corpus petition, so it should be dismissed as unexhausted and procedurally defaulted.

The exhaustion doctrine set forth in § 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349 (1989). To satisfy the federal exhaustion requirement, a petitioner must fairly present to the highest state court each constitutional claim he wishes to assert in a federal habeas petition. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). A Texas prisoner may satisfy this requirement by presenting his claims to the Texas Court of Criminal Appeals by either a petition for discretionary review or by an application for a state

writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

Pineda has not satisfied the exhaustion requirement for this claim. A review of his state habeas corpus petition shows that he did not allege an ineffective assistance of counsel claim as to Murphy. (ECF 15-7 at 38-45). Thus, the Texas Court of Criminal Appeals has not had an opportunity to consider Pineda's claim and it remains unexhausted. The failure to present this claim to the highest court in Texas constitutes a procedural default that bars this Court from considering such claim on federal habeas review, absent cause. *See In re Bagwell*, 401 F.3d 312, 315 (5th Cir. 2005); *Busby v. Dretke*, 359 F.3d 708, 724 (5th Cir. 2004).

If the Court were to require Pineda to present this claim to the Texas Court of Criminal Appeals, the claim would be subject to dismissal under the Texas abuse-of-the-writ doctrine, Tex. Code Crim. Pro. Ann. art. 11.07, § 4.7. The doctrine "prohibits a second [state] habeas petition, absent a showing of cause, if the applicant urges grounds therein that could have been, but were not, raised in his first habeas petition… That doctrine represents an adequate state procedural bar for purposes of federal habeas review." *Nobles v. Johnson*, 127 F.3d 409, 422-3 (5th Cir. 1997) (footnote omitted). "[A]rticle 11.07 § 4 is an adequate and independent state procedural ground to bar federal habeas review and ... has been strictly and regularly applied since 1994." *Smith v. Johnson*, 216 F.3d 521, 523 (5th Cir. 2000). When such a state procedural ground exists, "federal courts ordinarily will not review questions of federal law." *Id*.

To overcome the procedural bar established by the abuse-of-the-writ doctrine, a petitioner must demonstrate cause and prejudice or a fundamental miscarriage of justice. *Id.* at 524. Pineda has shown no cause for his failure to exhaust. He also has not shown himself to be actually innocent of the crime for which he was convicted and, therefore, cannot show that a fundamental miscarriage of justice will result from a failure to consider this claim. Therefore, Pineda's third

claim should be denied as unexhausted and procedurally barred.

**C.      Pineda Waived His Second Claim for Relief.**

Pineda alleges that his probation supervisor, Carol Holcomb McKay, lied during his guilt adjudication hearing when she testified that he did not pay court-ordered fees and did not complete court-ordered community service. (ECF 3 at 7). Respondent argues that Pineda waived this claim by pleading "true" to the allegations that he violated the conditions of his probation.

Neither the United States Supreme Court nor the Fifth Circuit has delineated the constitutional standards, if any, that apply to a plea of true during a proceeding to revoke community supervision. However, district courts within this circuit have assumed that a plea of true to revocation allegations must be entered voluntarily and intelligently in the same manner as a plea of guilty to criminal charges. *See, e.g., Martin v. Dir., TDCJ-ID*, No. 1:12-CV-166, 2014 WL 1813309, at *4 (E.D. Tex. May 2, 2014); *Robinson v. Dretke*, No. 3:03-CV-2838-B, 2005 WL 1249485, at *4 (N.D. Tex. May 25, 2005); *Whitten v. Cockrell*, No. 3:07-CV-0619-M, 2003 WL 21509163, at *11 (N.D. Tex. Apr. 11, 2003).

It is well settled that a guilty plea, if made knowingly and voluntarily, waives all non-jurisdictional defects in the proceeding preceding the plea. *See United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). Similarly, courts in this and other districts in Texas have found that a plea of true to probation violations, if entered knowingly and voluntarily, likewise results in the waiver of all non-jurisdictional defects in the proceedings, except those claims arising from ineffective assistance of counsel relating to the knowing and voluntary nature of the plea. *See Brazill v. Director, TDCJ-CID*, No. 1:14cv97, 2016 WL 7744734, at *2-3 (E.D. Tex. Nov. 22, 2016); *Henley v. Quarterman*, No. 3:06-CV-0237-P, 2007 WL 2890372, at *3 (N.D. Tex. Sep. 28, 2007) (citing cases); *Whitten*, 2003 WL at *7-8; *see also United States v. Alvarez*, 197 F. App'x 341, 2006 WL 2547768 (5th Cir. Sep. 5, 2006)

(providing that "admissions of violations of the conditions of probation waived [petitioner's] due process protections").

Pineda does not challenge the voluntariness of his plea of true. By pleading true to the alleged probation violations, Pineda conceded that he "violated terms of his probation that can be used to revoke his probation." *See Whitten*, 2003 WL at *8. Pineda's voluntary plea of true waived his claim based on McKay's allegedly perjured testimony. *See Matthew v. Johnson*, 201 F.3d 353, 364 (5th Cir. 2000) (noting long-standing rule that a valid guilty plea bars habeas review of non-jurisdictional claims alleging antecedent violations of constitutional rights). Because this claim is non-jurisdictional in nature, his true plea bars federal habeas review. This claim should be dismissed.

## V. Certificate of Appealability

An appeal may not be taken to the Court of Appeals from a final order in a proceeding under § 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where a district court rejected constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)*; Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, it is recommended that reasonable jurists could not debate the denial of

Pineda's § 2254 motion on substantive or procedural grounds, nor find that the issues presented are adequate to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (*citing Slack*, 529 U.S. at 484). Accordingly, it is recommended that the Court find that Pineda is not entitled to a certificate of appealability.

## VI. RECOMMENDATION

For the reasons stated above, the United States Magistrate Judge recommends that the petition for a writ of habeas corpus filed by petitioner Augustin Pineda be DENIED and that a Certificate of Appealability be DENIED.

## VII. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED January 17, 2024.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections

with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).